BRALEY AND WALWORTH, ADMINISTRATORS OF BARTHOLOMEW'S ESTATE, v. DICKINSON.

*School District. Evidence.*

The statute does not require that a warning of a school-district meeting shall be dated. If the record shows no date, the date may be shown by parol; and it may be shown by parol when the warning was posted up,

TRESPASS for a single sleigh. Pleas, the general issue, and justification as collector of taxes in school district No. 2 in Chelsea, under a rate-bill and warrant for the collection of a tax against the intestate.

Defendant offered in evidence the record of the proceedings of the annual meeting of said district in March, 1868, at which meeting said tax was voted and defendant was elected collector of taxes. The record was regular in all respects, except that it did not show that the warning of said meeting was dated. Plaintiff objected to the admisson of the record for that reason. Defendant then

offered to show by parol by the clerk of the district, that the original warning was in fact dated, and was posted up pursuant to the statute in such case made and provided. To this evidence plaintiffs objected, and the court excluded it, and also said record; to which the defendant excepted.

Defendant then offered to show that after receiving said tax-bill and warrant for collection, he called upon the intestate for payment of said tax; that the intestate refused to pay said tax, upon the ground that he was illegally taxed, and was not liable to taxation in Chelsea; that defendant then asked intestate to pay the tax under protest, but intestate refused to do that, but told defendant that he had a sleigh in Washington, stored in a certain building there, of sufficient value to pay the tax, and informed defendant as to where, and in whose hands, he could find the key to said building, and directed him to call upon that person for the key, for the purpose of his taking said sleigh on said tax; that defendant thereupon applied to said person, one Thurber, pursuant to said directions, and Thurber assisted defendant in taking out said sleigh. This evidence was admitted by the court, but the court found the fact that the intestate refused to pay said tax, and that the taking of the sleigh was against his will. To this the defendant excepted. Judgment for plaintiffs.

*S. B. Hebard*, for defendant.

The date of the warning has nothing to do with the record, because it shows nothing that it is necessary to have.

It would seem that when the intestate stated to the defendant that he had a sleigh of sufficient value to pay the tax, and gave him directions to apply to the person who had the key of the building where it was stored, " for the purpose of his taking said sleigh on said tax," and when the defendant took the sleigh in accordance with those directions, it could not be deemed a trespass.

*H. A. White* (*J. W. Rowell* with him), for plaintiffs.

It was necessary that the warning of the meeting should have been posted up " at least seven and not more than twelve days

before the time therein specified for the meeting." Gen. Sts. c. 22, s. 41; and if posted more or less than that number of days, the meeting, for the purpose of raising taxes at least, would be illegal. *Greenbanks* v. *Boutwell*, 43 Vt. 207, 219. The warning must be recorded, and the record must furnish all the means necessary for testing the validity of the proceedings of the meeting. The record offered in evidence did not furnish such means, in that it did not show that the warning was dated; it was, therefore, inadmissible, and the parol evidence was properly excluded. *Sherwin* v. *Bugbee*, 17 Vt. 337.

. Defendant can take nothing by his second point of exception. The evidence tended to show what the court found the fact to be; hence, that finding is conclusive. This principle is too familiar to warrant the citation of authorities.

The opinion of the court was delivered by

BARRETT, J. The warning and the record of it seem to have been ample and satisfactory in every respect except the lack of date. There is no occasion for debate as to the record being the exclusive evidence of all facts and matters required by law to be made matter of record.

· The law requires the warning to be posted within a specified and limited time before the meeting. It requires matters to be acted on to be named in the warning. But it does not require any date to be put to the warning, nor does it prescribe any mode of showing that the warning has been up the required time. If the law required the warning to be dated on the day of putting it up, then there would be some ground for claiming that such dating, as it would be the official act of the clerk under the law, would be the evidence as to the time when in fact the warning was put up. But in the lack of such provision, such dating would have no legal or other bearing on the time of the putting up. This being so, the record of the warning, with a date, would not conclude or affect the question whether the warning had been up the proper time or not. If question should be made on that subject, it would have to be settled by force of evidence outside the record or the warning. The cases cited fail of reaching or looking

76

towards the point before us. The matters in question in those cases were made the subject of record, and so must be shown by the record if at all.

It may be remarked in passing, that what was shown as to the transaction between Bartholomew and the defendant, and between him and Thurber, if not affected by the finding of the court, would seem to have been a turning out of the property. But that is not open under the finding.

Judgment reversed, and cause remanded.